UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES M. SCARBOUROUGH, <br><br> Plaintiff, <br><br> v. <br><br> JOHN GALIPEAU, FRANKLEN, THOMAS, JOHN HICKS, JACQUELIN ALGOZINE, JON DOE, ATTORNEY GENERAL OFFICE, and SONNENBERG, <br><br> Defendants. | CAUSE NO. 3:22-CV-492-DRL-MGG |

OPINION AND ORDER

James M. Scarbourough, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Scarbourough alleges that Sgt. Franklen and Officer Thomas packed up his property in advance of a move to a new dorm at Westville Correctional Facility. But after the officers packed up the property, they allegedly left the box out in the open, told other offenders that Mr. Scarbourough was a "check-in," and allowed them to steal his things. ECF 1 at 4. When Mr. Scarbourough went to retrieve the box, it was empty.

Mr. Scarbourough submitted a tort claim to the Indiana Department of Correction to recover the value of his lost property. ECF 1-1 at 2. He explained that he was not allowed to pack his own property box and when he went to retrieve it, "[his] property box was empty and sitting outside." *Id.* The claim was denied. *Id.* at 1. Then Mr. Scarbourough filed this lawsuit for money damages against the two officers who packed the box, the prison warden, the Division of the Attorney General's Office and the unknown employee who reviewed the tort claim, and several prison administrators involved in processing the claim.

This court cannot provide Mr. Scarbourough the relief he seeks because his property loss does not state a federal claim. The Fourteenth Amendment to the Constitution prohibits the government from taking property without due process of the law. But if property is lost by a state employee's negligence the Fourteenth Amendment does not apply. *See Daniels v. Willaims*, 474 U.S. 327, 330-31 (1986). And if the property is lost through a state employee's intentional act, the due process clause is satisfied if the state provides a "meaningful postdeprivation remedy." *Hudson v. Palmer*, 468 U.S. 517, 530 (1984). Here, Indiana provides a post-deprivation process through the Indiana Tort Claims Act, § 34-13-3 et seq. *See Smith v. Ind. Dep't of Corr.*, 888 N.E.2d 804 (Ind. Ct. App. 2008) (discussing Indiana Tort Claims Act as applied to a prisoner's claim). This process satisfies the federal constitutional requirement, which means that Mr. Scarbourough does not have a claim that can be heard in this court. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due.").

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED.

December 22, 2022                                   *s/ Damon R. Leichty*
                                                    Judge, United States District Court